[No. 17994.  Department Two.  October 18, 1923.]

BELLINGHAM MOTORS CORPORATION, *Respondent,* v. JOHN
A. LINDBERG *et al., Appellants.*[1]

HUSBAND AND WIFE (80, 81)—COMMUNITY PROPERTY—DEBTS CON-
TRACTED BY HUSBAND IN COMMUNITY BUSINESS—PROTEST BY WIFE.
Where a husband purchased an auto truck, making the first payment
with community property, for his use in hauling, without making
any agreement, oral or written, that he only should be liable on
the notes given for the balance of the price, the notes are presum-
ably a community debt, and the fact that the purchase was made
against the protest of the wife is immaterial.

Appeal from a judgment of the superior court for
Whatcom county, Brawley, J., entered December 22,
1922, in favor of the plaintiff, notwithstanding the
verdict of a jury rendered in favor of the defendants,
in an action on contract.  Affirmed.

*Bryan & Sampley,* for appellants.

*Sather & Livesey,* for respondent.

MAIN, C. J.—The complaint in this case states two
causes of action: one for the balance due upon a motor
truck, which was evidenced by the contract of purchase
and by promissory notes; the other for labor per-
formed upon the truck and material furnished.  As to
the latter cause of action, there is no controversy here,
and no further reference will be made to it.

One of the defenses to the balance due on the pur-
chase price of the truck was that there was an agree-
ment that the obligation therefor should be the in-
dividual obligation of the defendant John A. Lindberg
and not the community obligation of himself and Mary
Lindberg, his wife.  The cause was tried to a jury, and
resulted in a verdict finding the balance due and that

[1]Reported in 219 Pac. 19.

the obligation was that of John A. Lindberg and not a community obligation. A motion for judgment that it was a community obligation, as well as the individual obligation of John A. Lindberg, was made and sustained by the court. Thereupon a judgment was entered for the sum of $4,475.73 against John A. Lindberg individually and against the community. From this judgment, the defendants appeal.

The Bellingham Motors Corporation was engaged in the business of selling motor trucks at Bellingham, this state. The appellants are husband and wife, and own a farm some miles out from Bellingham upon which they resided. During the summer of 1919, Mr. Lindberg, on a number of occasions, visited the place of business of the respondent corporation and talked with its agents relative to the purchase of a truck. At this time, a large amount of road work was being done in Whatcom county, and he was considering the matter of buying a truck and using it in hauling material for the construction of roads.

During the latter part of July, or early in August, two of the agents of the respondent company went to the home of the appellants for the purpose of making a sale of the truck. At this time, they talked with both of the appellants. Mrs. Lindberg objected to the purchase, saying among other things, that she did not want to lose their farm, evidently having the thought that the farm at sometime might be liable for the indebtedness. She said, also, that she would not be in on it at all and that, if they sold it to her husband alone, she could not stop them. The husband took no part in the conversation along this line. The agents left on this occasion without having made a sale.

About a week later, Mr. Lindberg went to Bellingham and called at the place of business of the respondent, again looked over the truck, discussed the matter

with the agents further, and at this time a preliminary contract for the purchase was entered into and a payment of $100 made. On the 23d of August, 1919, $600 additional was paid, and a formal conditional sales contract and fifteen promissory notes for the balance due on the truck were signed by Mr. Lindberg. Thereafter the truck was used in the hauling of material for road construction, the exact extent of which is not now material. The notes not having been paid as they became due, the present action was instituted on May 20, 1921, for the purpose of recovering the balance due on the purchase price.

The only question presented upon this appeal is whether the court erred in granting the judgment notwithstanding the verdict, and entering a judgment against the marital community composed of the appellants, as well as against Mr. Lindberg individually. In considering this question, it will be assumed, but not decided, that, if an agreement was made that the respondent was to look to Mr. Lindberg individually and not to the community for the balance due on the purchase price, Mrs. Lindberg had a right to interpose this as a defense to the action, and have the question of the character of the indebtedness determined, even though such an agreement was not embodied in the written contract. The statute (Rem. Comp. Stat., § 6892) [P. C. § 1433], gives to the husband "the management and control of community personal property . . ." The evidence in this case shows that the husband made no agreement, either orally or in writing, that he should only be individually liable for the truck or that the community should not be liable. Mrs. Lindberg's objections went no farther than a protest against her husband's making the purchase. There being no evidence to sustain the offered defense that there had been a contract made that the community

should not be liable, the court rightfully granted the motion for judgment notwithstanding the verdict and entered a judgment against not only Mr. Lindberg individually but against the community. The $700 payment was made out of community funds, and the balance due on the purchase price was presumed to be a community debt.

The judgment will be affirmed.

PARKER, FULLERTON, HOLCOMB, and TOLMAN, JJ., concur.